hMcKAY, Judge.
This appeal challenges a trial court’s finding that plaintiffs action against defendant was untimely. We find that the trial court did not err and affirm its ruling.
FACTS
For several years the defendant, Orleans Private Industry Council (OPIC), had been attempting to establish computer assisted learning centers in underprivileged neighborhoods and schools. After several aborted attempts, this project was put out for bid in May of 1993. On June 13, 1993, nine vendors submitted bids on this project. OPIC employed a subjective selection process designed by Bridget Depland, its Vice-President of Planning, Research and Development. A committee of five employees, none of whom possessed any background or training in adult computer remediation software, evaluated the proposals. The lowest responsible bid, $500,000.00, was submitted by the plaintiff, Anne Lind & Associates. However, the contract was awarded to IBM/EduQuest who had submitted a bid of $1,090,990.00. After it was decided to award the contract to IBM/EduQuest, Ms. Depland negotiated a contract with them, which differed from their bid.
OPIC received all of the software by June 28, 1993, and issued a check to IBM/Edu-Quest on the following day. The unsuccessful bidders were notified of the decision to award the contract to EduQuest on July 27, 1993. However, Ms. Lind testified that she received no notification. She maintains that she spoke and 12Corresponded with OPIC throughout July, regarding the status of the bid and she was even allowed to review the bid proposals submitted by the other vendors. It was not until August 14, 1993 that Ms. Lind received a certified letter from OPIC informing her that she was not the successful bidder. This letter also explained the procedures for her to take an administrative appeal. On August 19, 1993, Ms. Lind, filed an administrative appeal with OPIC. Then, on August 30, 1993, Ms. Lind wrote to OPIC and stated that she didn’t believe the administrative appeal process applied to her. In the meantime, installation of the software began on October 13, 1993. No further action took place until October 29, 1993 when Ms. Lind wrote a follow-up letter to OPIC and stated that she wished to proceed with her appeal.
Over the next several months, Ms. Lind proceeded with the administrative appeal but received no satisfaction. On June 10, 1994, Ms. Lind filed suit against OPIC. She sought a declaratory judgment that OPIC was subject to the public bid laws of the state of Louisiana and the charter of the City of New Orleans, and that OPIC had violated the public bid laws by refusing to award the contract to the lowest responsible bidder (Ms. Lind). She also sought a mandatory injunction against OPIC declaring the award to EduQuest void and damages from OPIC. OPIC filed an exception of prematurity, which the trial court granted. This Court reversed a portion of the judgment and found that Ms. Lind was not limited to remedies under the Job Training Partnership Act and that utilization of that act’s grievance procedure did not foreclose other legal remedies. Anne Lind & Assocs. v. Orleans Private Industry Council, 95-0462 (La.App. 4 Cir. *1069 3/14/96), 673 So.2d 227, writ denied, 96-1706 (La.10/25/96), 681 So.2d 365.
|30n remand, the trial court found that the Public Bid Law did in fact apply and that OPIC had not validly adopted the Procurement Code. The trial court further found that pursuant to La. R.S. 38:2212(B), the contract should have been awarded to the lowest responsible bidder and that OPIC had violated the Public Bid Laws by not awarding the contract to Anne Lind & Associates.
The trial court found that the remedy for a frustrated bidder under the Public Bid Law is provided by La. R.S. 38:2220. That statute requires that a frustrated bidder initiate a summary proceeding to enjoin the award of the contract, seek other appropriate injunc-tive relief to prevent the award of the contract, or initiate ordinary proceedings to nullify the contract. In the instant case, Ms. Lind’s request for a mandatory injunction against OPIC was denied by the trial court as untimely because by the time Ms. Lind filed suit in June of 1994, the software had been delivered to OPIC and installed in the various sites. Ms. Lind’s claim for damages was denied because damages are neither specifically provided for by the statute nor have the appellate courts allowed them where an unsuccessful bidder has failed to bring an action for injunctive relief at a time when grounds for- attacking the wrongful award of the contract were first known or knowable to the bidder.
ISSUE
At issue in this appeal is whether the trial court erred when it found that plaintiffs demand for damages was untimely.
ANALYSIS
We agree with the trial court that the Public Bid Laws apply to OPIC. La. R.S. 39:1554(E) states that the Public Bid Law will apply unless a political subdivision adopts the Procurement Code. |4OPIC admitted in open court on October 3, 1997, and then again in their Amended Response to Request for Production of Documents that they never formally adopted the Procurement Code. Consequently, the trial court did not err when it found that OPIC violated the Public Bid Laws when it failed to award the contract to the lowest responsible bidder. La. R.S. 38:2212(B) specifically states that public entities must award contracts to the lowest responsible bidder.
The Public Bid Law as embodied by La. R.S. 38:2220 does not expressly provide for damages. The available statutory remedies are: (1) a summary proceeding to enjoin the award of the contract or other appropriate injunctive relief or (2) an ordinary proceeding to nullify the contract. However, the Louisiana Supreme Court has recognized the possibility of recovering damages under limited circumstances. See Airline Construction Company, Inc. v. Ascension Parish School Board, 568 So.2d 1029 (La.1990). In that case the Court stated:
We hold that an unsuccessful bidder on a public contract who wishes to obtain relief because of the rejection of its bid must seek injunctive relief at a time when the grounds for attacking the wrongful award of the contract were known or knowable to the bidder and when corrective action as a practical matter can be taken by the public body.... If an aggrieved bidder does not timely file a suit for injunction, he has waived any right he may have to claim damages against the public body or the successful bidder.
The timeliness of a suit for injunction depends on the facts and circumstances of the particular case,- including, among other things, the knowledge possessed by the attacking bidder concerning the wrongful award of the contract, the point in time the bidder acquired this knowledge, the point in time that the public body became indebted to the successful bidder, and the time period between the awarding of the illegal contract and the completion of construction.
| gld. at 1035. This holding prohibits an unsuccessful bidder who has failed to seek in-junctive relief at a time when it would have still been meaningful from being able to recover damages for the wrongful award of a contract.
In the instant case, the facts indicate that Ms. Lind was aware that she was the lowest bidder and that the contract had been awarded to IBM/Eduquest well before any soft *1070 ware had been installed. In spite of this knowledge, she took no action to enjoin the performance of the contract. She waited until June 1994 to bring her suit for injunc-tive relief and damages. By that time, the installation of the software had already been completed. Therefore, the action for injunc-tive relief was moot. Because Ms. Lind failed to seek injunctive relief at a time when it was practical, she is precluded from bringing an action for damages. Her action does not fall under the limited circumstances that the Supreme - Court recognized in Airline.
An award of damages to Ms. Lind would also violate public policy. It would bill the state and in effect the taxpaying public twice for the installation of the computer software. One purpose of the Public Bid Law is to insure that the public’s money is spent wisely. An award of damages to Ms. Lind, when she failed to bring an action for injunctive relief while still practical, would be violative of public policy.
In accordance with the aforementioned reasons, we find that the trial court did not err when it dismissed plaintiffs action as untimely. Therefore, we affirm the trial court’s judgment.
AFFIRMED.