818 So.2d 133 (2001)
STATE MACHINERY AND EQUIPMENT SALES, INC.
v.
LIVINGSTON PARISH GRAVITY DRAINAGE DISTRICT # 5
No. 2000 CA 2066.
Court of Appeal of Louisiana, First Circuit.
November 14, 2001.
*134 Steven B. Loeb, Baton Rouge, for Plaintiff-Appellee State Machinery and Equipment Sales.
D. Blayne Honeycutt, Denham Springs, for Defendant-Appellant Livingston Parish Gravity Drainage District # 5.
Before: FOIL and PETTIGREW, JJ., and KLINE,[1] J. Pro Tem.
PETTIGREW, J.
Plaintiff/appellee instituted this suit alleging that defendant/appellant, a political subdivision, violated the public bid law, La. R.S. 38:2211 et seq., and tailored its bid specifications to prevent competition. In an earlier decision, this court concluded that the defendant violated the Public Bid Law and remanded this matter to the district court for further proceedings relative to an award of damages. Defendant now appeals the damages awarded against it by the district court. For the reasons herein assigned, we amend in part, and as amended, affirm.

BACKGROUND FACTS
In our previous opinion in this case, State Machinery & Equipment Sales, Inc. v. Livingston Parish Gravity Drainage # 5, 98-1207 (La.App. 1 Cir. 6/25/99), 742 So.2d 26, we determined that plaintiff/appellee, State Machinery and Equipment *135 Sales, Inc. ("State Machinery"), in response to a bid request from defendant/appellant, Livingston Parish Gravity Drainage District # 5 ("drainage district"), submitted a timely bid covering a Hyundai 200 LCM (Long Crawler Modulator) Hydraulic Excavator. We further noted that the State Machinery bid set forth a total sales price of $106,907.00, payable under a 60-month lease-purchase at $2,120.12 per month, with extended warranty, or $2,064.37, without the warranty.
At its March 2, 1996 meeting, the drainage district received three bids in response to its excavator bid solicitation. After reviewing the bids received, the drainage district's chairman concluded that the bid submitted by Norwel Equipment Company ("Norwel Equipment") was the lowest responsive bid. The bid submitted by Norwel Equipment set forth a price of $124,732.00 for a John Deere 690E LC excavator. The drainage district notified State Machinery through a certified letter dated March 12, 1996, that its bid had been rejected due to its failure to comply with the bid specifications.
Despite protests from State Machinery, the drainage district approved the lease-purchase of the John Deere excavator from Norwel Equipment, and a contract was later signed on or about May 2, 1996. State Machinery instituted this litigation for injunctive relief, and in the alternative, damages, against the drainage district and its chairman. State Machinery asserted that the drainage district had been arbitrary and capricious in rejecting its bid and that the bid specifications had been narrowly drafted so as to exclude competition.
The district court, in a judgment signed on November 26, 1997, concluded that because State Machinery had failed to file its protest prior to the opening of bids, it had, under the provisions of the Louisiana Procurement Code (La. R.S. 39:1554 et seq.), waived any objections it may have had to the bid specifications. The district court further held the drainage district had not been unreasonable in its rejection of State Machinery's bid.
State Machinery subsequently appealed to this court, and in our previous opinion rendered on June 25, 1999, we reversed the decision of the district court. In said decision, we further held that the Procurement Code did not apply to this case and that the Public Bid Law controlled this case. This court concluded that the bid submitted by State Machinery was not only timely, but was also the lowest responsive bidder. Accordingly, we found that the drainage district had been arbitrary and capricious in rejecting State Machinery's bid proposal. We also held that State Machinery's petition for injunction was timely and therefore they preserved their right to damages if injunctive relief was no longer possible. Noting that the district court curtailed evidence regarding damages, we remanded the matter to the district court for further proceedings as to damages.

PROCEEDINGS IN THE DISTRICT COURT FOLLOWING REMAND
Upon remand from this court, the district court conducted a second trial on January 5, 2000, confined to the issue of damages. Upon review of the evidence, together with the arguments and memoranda of counsel, the district court held that the proper measure of the damages sustained by State Machinery was the lost profit State Machinery would have received had it been awarded the excavator contract. The district court determined this amount to be $17,000.00, and cast the drainage district with all costs. From this judgment the drainage district has appealed, *136 and State Machinery has answered the appeal seeking an increase in damages.

ASSIGNMENTS OF ERROR
In connection with its appeal in this matter, the drainage district sets forth the following issues for review by this court:
Whether the [district] court committed legal error in holding that [State Machinery] is entitled to damages as a result of a violation of the public bid law. Whether the [district] court committed legal error in holding that [State Machinery] is entitled to the profit it lost as a result of a violation of the public bid law.
As we noted, State Machinery has filed an answer to the drainage district's appeal seeking an increase in the amount of damages awarded. Specifically, State Machinery seeks damages equivalent to the difference between its bid price under a sixty-month lease-purchase arrangement and the net cost of the excavator.

DISCUSSION
In our previous opinion in this matter, this court observed as follows:
The basic statutory law governing the disposition of this case is contained within La. R.S. 38:2211 et seq., more commonly referred to as the Public Bid Law. Pursuant to La. R.S. 38:2212(A)(1)(a)(i), "all purchases [by a public entity] of any materials or supplies exceeding the sum of fifteen thousand dollars to be paid out of public funds" shall be advertised and let to the lowest responsible bidder. In discussing the Public Bid Law, the Louisiana Supreme Court stated, "[t]his statutory law is a prohibitory law, founded on public policy, which was enacted in the interest of the taxpaying public. The purpose of the law is to prevent public officials from awarding contracts on the basis of favoritism or at possibly exorbitant and extortionate prices." Airline Construction Company, Inc. v. Ascension Parish School Board, 568 So.2d 1029, 1032 (La. 1990) (citations omitted).
Earlier, in Haughton Elevator Division v. State of Louisiana Through Division of Administration, 367 So.2d 1161 (La.1979), the supreme court explained:
"[t]he statute vests in the awarding authority the power and discretion to determine the responsibility of the bidder and to reject all bids if none is satisfactory, but the law does not permit the arbitrary selection of one which is higher and the rejection of others which are lower. The discretion must be exercised in a fair and legal manner and not arbitrarily."

Haughton, 367 So.2d at 1165 (citation omitted).
The supreme court in Haughton quoted with approval Housing Authority of Opelousas, Louisiana v. Pittman Construction Company, 264 F.2d 695 (5th Cir.1959), wherein the federal court, after reviewing several Louisiana cases, concluded:
[I]t is clear that Louisiana follows the general rule of vesting an awarding body with discretion subject to judicial review. Courts will not substitute their judgment for the good faith judgment of an administrative agency, but an awarding body's administrative discretion must be exercised in a fair and legal manner and not arbitrarily.

Housing Authority of Opelousas, 264 F.2d at 703.
State Machinery & Equipment Sales, Inc., 98-1207 at 5-6, 742 So.2d at 28-29 (footnote omitted).
In its initial assignment of error, the drainage district contends that the district *137 court committed legal error in holding that State Machinery is entitled to damages as a result of a violation of the Public Bid Law. The drainage district argues that the statutory framework of the Public Bid Law (La. R.S. 38:2211 et seq.), does not authorize an award of damages, and that in the event of a violation, the statutory remedies include: (1) a summary proceeding to enjoin the award of the contract or other appropriate injunctive relief or (2) an ordinary proceeding to nullify the contract. The drainage district further cites Anne Lind & Associates v. Orleans Private Industry Council, 98-0848, p. 5 (La.App. 4 Cir. 2/3/99), 729 So.2d 1067, 1070, writ denied, 99-0623 (La.4/23/1999), 742 So.2d 887, for the proposition that an award of monetary damages would violate the public policy behind the spirit of the Public Bid Law.
We disagree. The drainage district's reliance on Anne Lind & Associates, is misplaced. In its decision in Anne Lind & Associates, the fourth circuit cited Airline Construction Company, Inc. v. Ascension Parish School Board, 568 So.2d 1029, 1035 (La.1990), wherein the supreme court held:
[A]n unsuccessful bidder on a public contract who wishes to obtain relief because of the rejection of its bid must seek injunctive relief at a time when the grounds for attacking the wrongful award of the contract were known or knowable to the bidder and when corrective action as a practical matter can be taken by the public body.... If an aggrieved bidder does not timely file a suit for injunction, he has waived any right he may have to claim damages against the public body or the successful bidder. [Citation omitted].
Based upon this holding, the fourth circuit in Anne Lind & Associates, held that an award of damages to unsuccessful bidder as a result of the wrongful award of a public contract is violative of public policy in those instances where the aggrieved bidder fails to timely seek injunctive relief. Anne Lind & Associates, 98-0848 at 5, 729 So.2d at 1070.
This court has expressly recognized, however, that when an aggrieved bidder on a public works project has timely filed a suit for injunctive relief, the bidder may recover damages against a public entity. Boh Bros. Construction Co., L.L.C. v. Department of Transportation and Development, 97-0168, pp. 4-5 (La. App. 1 Cir. 7/14/97), 698 So.2d 675, 677, writ denied, 97-2113 (La.11/21/97), 703 So.2d 1309; Stafford Construction Company, Inc. v. Terrebonne Parish School Board, 612 So.2d 847, 853 (La.App. 1 Cir. 1992), writ denied, 614 So.2d 82 (La.1993). Additionally, the question of whether a public contract was properly awarded is not rendered moot by the fact that injunctive relief is no longer available. Merritt McDonald Construction, Inc. v. Parish of East Baton Rouge, 98-1032, p. 4 (La.App. 1 Cir. 5/14/99), 742 So.2d 564, 567, writ denied, XXXX-XXXX (La.1/14/2000), 753 So.2d 218.
The supreme court, in Airline Construction Company, Inc., held that:
The timeliness of a suit for injunction depends on the facts and circumstances of the particular case, including among other things, the knowledge possessed by the attacking bidder concerning the wrongful award of the contract, the point in time the bidder acquired this knowledge, the point in time that the public body became indebted to the successful bidder, and the time period between the awarding of the illegal contract and the completion of construction.
Airline Construction Company, Inc., 568 So.2d at 1035.
In our earlier decision in this matter, we stated:

*138 According to the facts as set forth in the record, State Machinery filed the instant suit seeking injunctive relief, and in the alternative, damages, on May 13, 1996, eleven days after the drainage district signed a 60-month lease-purchase contract with Norwel Equipment. The drainage district later answered the petition; however, a hearing on State Machinery's request for a preliminary injunction was, over its objection, postponed due to the scheduled retirement of the original trial judge.
The drainage district then filed certain peremptory exceptions that were overruled by the district court. The drainage district then sought writs from this court. The trial judge, while declining to stay the proceedings, heard the evidentiary portion of this matter on December 23, 1996, but agreed to postpone his ruling pending this court's disposition of the writ.
On May 30, 1997, this court ultimately declined to exercise its supervisory jurisdiction; however, the district court failed to promptly advise the trial judge pro tempore of said ruling. Following an inquiry from counsel for State Machinery, the district court issued written reasons on October 29, 1997, rejecting State Machinery's demand and dismissing its suit. A judgment was later signed on November 26, 1997.
State Machinery then appealed. As of May 1999, more than three years have elapsed since the awarding of the 60-month lease-purchase contract. While the circumstances giving rise to this delay did not result from the fault of State Machinery, it is clearly too late to enjoin the contract. We are, nevertheless, unable to say that State Machinery is not entitled to pursue its action for damages.
State Machinery & Equipment Sales, Inc., 98-1207 at 13-14, 742 So.2d at 34. Accordingly, and for the foregoing reasons, this assignment of error is without merit.
The second assignment of error set forth by the drainage district is whether the district court committed legal error in holding that State Machinery is entitled to the profit it lost as a result of a violation of the Public Bid Law. We also address State Machinery's request, set forth in its answer to the appeal, for in increase in the damages that it was awarded.
As previously noted, the district court, upon remand, awarded State Machinery damages equivalent to the retail price of the excavator less the net cost of the excavator. In its answer to the appeal, State Machinery claims that the district court erred in failing to award damages equivalent to the difference between its bid price under a sixty-month lease-purchase arrangement and the net cost of the excavator.
The Public Bid Law as embodied by La. R.S. 38:2220 does not expressly provide for damages. Airline Construction Company, Inc., 568 So.2d at 1032-1033. Having heretofore determined that where an aggrieved bidder on a public works project has timely filed suit for injunctive relief, the bidder may recover damages against a public entity. The question then becomes what type(s) of damages may be recovered by an unsuccessful bidder who attempts, though unsuccessfully, to timely enjoin the performance or execution of a wrongful public contract?
We note that in his concurring opinion in Airline Construction Company, Inc., Judge Shortess[2] wrote that damages *139 should be limited to those items provided for in La. R.S. 39:1678.1 of the Louisiana Procurement Code.[3] The provisions of the Louisiana Procurement Code were inapplicable to the facts as presented in Airline Construction Company, Inc.,[4] and we have heretofore determined that said provisions are similarly inapplicable to the facts presented in this case.
In the instant case, the district court, in its written reasons for judgment, stated:
This Court determines that the proper measure of damages is the lost profit [State Machinery] would have received had they received the bid. That amount is determined to be $17,000.00 (selling price less costs). [State Machinery] argues that the amount should be $31,000.00. The Court is not persuaded. In that total, there is a lot of interest [State Machinery] would not have received if they had received the bid.
We note from the record that in connection with its bid specification for the hydraulic crawler excavator, the drainage district requested a "60-month governmental-lease purchase." The bid submitted by State Machinery set forth a selling price of $106,907.00, or a sixty-month governmental lease purchase option at $2,064.37 per month. As we have noted, the district court awarded damages to State Machinery equivalent to the difference between the selling price and the net cost of the excavator, which it determined to be $17,000.00. The district court rejected State Machinery's contention that it was entitled to the difference between the sixty-month lease purchase price and the net cost of the excavator. Because State Machinery has failed to demonstrate that it would have been the recipient of such interest payments had it been awarded the contract, we decline to include same in an award of damages. Additionally, State Machinery sets forth the amount it has paid in attorney fees; however, we can find no provision in the Public Bid Law allowing the recovery of attorney fees and therefore decline to award same.
For the foregoing reasons, we affirm the district court's award to State Machinery of $17,000.00 in damages, an amount it determined to be equivalent to the difference between the selling price of the excavator and its net cost. We correspondingly reject State Machinery's request for an *140 increase in the damages awarded to it by the district court.
Following our review of the record in this matter, we note that the judgment of the district court failed to make an express award of legal interest from the date of judicial demand on the sums awarded to State Machinery. We note that State Machinery, both in its original petition, and its brief to this court prayed that legal interest be awarded. Accordingly, we hereby amend the judgment of the district court so as to award State Machinery legal interest from the date of judicial demand.

CONCLUSION
For the reasons set forth above, the judgment of the district court is amended so as to award State Machinery legal interest from the date of judicial demand, and is hereby affirmed in all other respects. Court costs in the amount of $936.00 are hereby assessed against the defendant, Livingston Parish Gravity Drainage District # 5.
AMENDED IN PART, AND AS AMENDED, AFFIRMED.
NOTES
[1] Judge William F. Kline, Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Judge Melvin A. Shortess, prior to his retirement from this court, participated in the Airline Construction Company, Inc., decision as Associate Justice Pro Tempore.
[3] Louisiana Revised Statute 39:1678.1 of the Louisiana Procurement Code provides as follows:

§ 1678.1. Damages
A. Damages recoverable by any aggrieved person in any action brought pursuant to the provisions of R.S. 39:1671 or otherwise asserted at law, shall be limited exclusively to reasonable costs incurred in connection with the solicitation including bid preparation costs other than attorney fees.
B. Except as provided in Subsection E of this Section and R.S. 39:1678(1), damages recoverable by any contractor under any contract entered into pursuant to the provisions of this Chapter, shall be limited exclusively to the actual expenses reasonably incurred in performance of the contract.
C. The provisions of R.S. 49:965 shall not apply to actions instituted pursuant to the provisions of this Chapter.
D. Any administrative determination of costs or expenses recoverable by a contractor or aggrieved person under Subsections A and B of this Section shall be subject to the written concurrence of the attorney general.
E. In no event shall damages awarded by the chief procurement officer, his designee, any hearing officer or any court include attorney's fees or any incidental, indirect, special, or consequential damages, including but not limited to loss of use, revenue or profit whether reasonably certain or not.
[4] See Murchison, Local Government Law, Developments in the Law, 1990-1991, 52 La. L.Rev. 541, 568 (1992).