804 So.2d 128 (2001)
MICKEY O'CONNOR GENERAL CONTRACTOR, INC.,
v.
CITY OF WESTWEGO.
No. 01-CA-825.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2001.
Michael D. Peytavin, Gretna, LA, Counsel for, Mickey O'Connor General Contractor, Plaintiff-Appellant.
John J. Molaison, Gretna, LA, Counsel for, City of Westwego, Defendant-Appellee.
Panel composed of Judges MARION F. EDWARDS, CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
Mickey O'Connor General Contractor, Inc. ("O'Connor") filed the instant petition *129 for preliminary and permanent injunctive relief against the City of Westwego ("the City") seeking to prevent the award of a public contract. Following a hearing, the trial court denied the injunctive relief. This appeal followed.
The City of Westwego advertised for bids for the construction of the Westwego Performing Arts Theater. The advertisement for bids stated that bids would be received until 4:00 p.m. on May 11, 2001 at the Westwego City Hall. An addendum dated May 7, 2001 made changes in the bid specifications and further stated that bids would be received at City Hall until 4:00 p.m. on May 14, 2001. The bidders were also given notice by the original advertisement and the addendum that "bids received after this time will not be accepted." The instructions to bidders provided by the City stated that the bids shall be deposited at the designated location prior to the time and date for receipt of bids indicated in the advertisement for bids. The instructions further stated that the bidder assumed full responsibility for timely delivery of bids, and that bids received after the stated time and date would be returned unopened.
On May 14, 2001, Rhonda Plucienski, a representative of O'Connor, arrived at City Hall and submitted a bid for the project. The time stamp on this bid indicated it was filed at 3:57 p.m. Ms. Plucienski testified at the hearing of this matter that several other bidders were present in City Hall at this time and that several bids were filed after the one she submitted on behalf of O'Connor. She stated that she saw bidder J.A. "Jack" Julius, Jr. ("Julius") in City Hall at approximately ten minutes to 4:00 p.m., but that he did not actually file his bid until 4:01 p.m. Ms. Plucienski stated that the clerk informed Mr. Julius that his bid was late, and Ms. Plucienski informed the clerk of O'Connor's objection to the late bid. Ms. Plucienski stated that she was informed that the late bids would not be opened.
At the meeting of the Westwego City Council on the evening of May 14, 2001, the Mayor of Westwego advised those in attendance that bids would be opened. According to the minutes of the meeting, the Mayor stated that all bids were at City Hall prior to 4:00 p.m. on that day, but that there was a delay in processing the last three bids due to the presence of other customers at the collection window. The Mayor stated that although the last three bids were clocked in at 4:01 p.m., the bids were not disqualified, as the delay in filing was not due to any fault of the bidders.
The bids were then opened. The lowest bid was submitted by J.A. "Jack" Julius, Jr., Inc. The envelope containing Julius' bid was stamped by the clerk as received at 4:01 p.m. The second lowest bid was submitted by plaintiff, Mickey O'Connor General Contractor, Inc. The bids were taken under advisement by the City Council, and the minutes indicated that a special meeting would be called to award the contract. The contract was subsequently awarded to J.A. "Jack" Julius, Jr., Inc.
On May 18, 2001, plaintiff filed this petition for injunctive relief seeking to prevent the City of Westwego from awarding the contract to Julius. This matter was heard by the trial court on May 23, 2001. By consent of the parties, the evidence presented with respect to the request for preliminary injunction was stipulated to be the same evidence which would be presented with respect to the request for the permanent injunction, and the parties agreed to allow the trial court to hear the merits of the permanent injunction. After presentation of the evidence, the trial court denied the request for injunctive relief on the grounds that the City's decision to accept and open all bids was reasonable.
*130 On appeal, O'Connor argues that the trial court committed legal error in finding that the public bid law does not prohibit the acceptance of bids after the deadline set forth in the advertisement for bids and in finding that a bid deadline is an informality which can be waived by a public entity. Appellant also argues that the trial court erred in determining that Jack Julius may have submitted his bid by the 4:00 p.m. deadline as the evidence fails to support such a finding.
Public contracts, such as the one at issue here, are governed by Title 38 of the Louisiana Revised Statutes, Public Contracts, Works & Improvements. The awarding of public works contracts is governed by L.S.A.-R.S. 38:2212 A(1)(a) and (b):
(a) All public work exceeding the contract limit as defined in this Section, including labor, materials, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised, and no such public work shall be done except as provided in this Part.
(b) The provisions and requirements of this Section, those stated in the advertisement for bids, and those required on the bid form shall not be considered as informalities and shall not be waived by any public entity.
L.S.A.-R.S. 38:2212, which requires advertising and the obtaining of competitive bids, is a prohibitory law founded on public policy. It was enacted in the interest of the tax paying citizens of this state, and its purpose is to protect these citizens against contracts of public officials awarded through favoritism and possibly involving exorbitant and extortionate prices. Haughton Elevator Division v. State, 367 So.2d 1161 (La.1979); Starlight Homes, Inc. v. Jefferson Parish Council, 93-746 (La.App. 5 Cir. 2/9/94), 632 So.2d 3, 4, writ denied, 94-0610 (La.4/29/94), 637 So.2d 462.
Pursuant to L.S.A.-R.S. 38:2212, a public agency awarding a public works contract is vested with the power and discretion to determine the responsibility of the bidder and to reject all bids if none are satisfactory. However, the law does not allow the arbitrary selection of one bid, which is higher, and the rejection of other bids which are lower. The discretion must be exercised in a fair and legal manner and not arbitrarily. Haughton, supra.
Louisiana follows the general rule of vesting a public agency, in awarding a public works contract, with discretion, subject to judicial review. A court should not substitute its judgment for the good faith judgment of an administrative agency. The public agency's reasonable, good faith interpretation of its own specifications should not be disturbed by a court whose views might be different. Donald M. Clement Contr. v. St. Charles Parish, 524 So.2d 86 (La.App. 5 Cir.1988).
In the present case, the City of Westwego interpreted the bids which were clocked in at 4:01 p.m. as timely, as the City determined that the delay in collecting and stamping the bids was due to the fault of the City and not the bidders. The primary issue presented for our review is whether this interpretation of the public agency is arbitrary or an abuse of discretion.
The record indicates that eleven bids were received by the City within a seven minute period. The first bid was stamped as received at 3:54 p.m. and the final three bids were stamped as received at 4:01 p.m. Although the Julius bid was one of the bids stamped at 4:01 p.m., testimony at the hearing indicates that Jack Julius was seen in City Hall by the representative of O'Connor prior to 3:57 p.m. The Mayor *131 determined that there were several people in line at the time of the deadline for submitting bids, and that the delay in receiving the bids was not due to the fault of the bidders.
Under the circumstances presented here, we find that the City's interpretation of the question of timeliness of the bids is reasonable and is neither arbitrary nor capricious. Based upon the evidence that a number of individuals were attempting to submit bids at the same time and on the testimony that plaintiffs representatives and other bidders acknowledged Julius' presence in City Hall prior to the deadline, it was reasonable for the Mayor and City Council to deem all bids would be opened and read despite the fact that three of the bids were clocked in at 4:01 p.m. The City did not abuse its discretion in determining that Julius' bid met the requirements of the advertisement for bids.
Appellant further contends that pursuant to the public bid law, the bid deadline is not an informality and cannot be waived by the public entity. L.S.A.-R.S. 38:2212(A)(1)(b) has been construed to preclude public entities from waiving those provisions and requirements which are substantive to the public bid law, the advertisements for bids and the bid forms. However, the public entity may waive deviations which are not substantive in nature. Boh Bros. Construction Co. v. DOTD, 97-0168 (La.App. 1 Cir. 7/14/97), 698 So.2d 675, 678, writ denied, 97-2113 (La.11/21/97), 703 So.2d 1309. Whether a public entity permissibly waived a bid requirement is reviewable by the courts, and the issue should be determined by using the substance/form analysis in Pittman Construction Company, Inc. v. Parish of East Baton Rouge, 493 So.2d 178 (La.App. 1st Cir.), writ denied, 493 So.2d 1206 (La. 1986). Boh Bros., supra, 698 So.2d at 678.
In support of its position that the deviation in the present case is a substantial requirement which cannot be waived, appellant relies on Thigpen Construction v. Parish of Jefferson, 560 So.2d 947 (La. App. 5 Cir.1990) in which this Court held that a failure to sign a bid was a substantial failure to comply with the terms of the contract proposal. The court in Thigpen rejected the argument that the Parish had the authority to waive the informality of failure to timely submit the signature page after the bid deadline. However, unlike the facts in Thigpen, there is no substantial deviation in the present case from provisions of the public bid law or the terms of the bid advertisement. We likewise find distinguishable the case of V.C. Nora Jr. Bldg. & Remodeling v. State, 93-1469 (La.App. 3 Cir. 3/30/94), 635 So.2d 466 cited by appellant in which an untimely bid was disqualified by the State because it did not meet the statutory requirement of being hand delivered or sent by registered or certified mail.
The record in this case indicates that the representative of Julius was present in City Hall prior to the deadline and that several bidders were attempting to submit their bids within a very short time frame. Although Julius' bid was stamped indicating receipt of the bid one minute after the deadline, we fail to find this constitutes a substantial failure to comply with the terms of the bid advertisement. Where there is only an insubstantial deviation from the bidding requirements, there has been competitive bidding as contemplated by the public bid law.
The trial court, after hearing all the evidence, found that based on the circumstances of this case Julius' bid may have been filed with the clerk at 4:00 p.m. but clocked in at 4:01 p.m. We find this interpretation of the evidence to be reasonable. Under the particular circumstances of this *132 case, we agree with the trial court's conclusion that the filing of the Julius bid met the requirements of the public bid law and the city's advertisement.
Because appellant has failed to demonstrate any abuse of the City's discretion or a substantial deviation from the public bid law or the advertisement precluding the award of the contract to Julius, the trial court acted correctly in denying the request for injunctive relief. Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant, Mickey O'Connor General Contractor, Inc.
AFFIRMED.