# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-173

DON M. BARRON CONTRACTOR, INC.

VERSUS

CITY OF NATCHITOCHES, LOUISIANA

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 76468, DIVISION B
HONORABLE FRED C. SEXTON, JR., DISTRICT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE
**********

Court composed of Ulysses Gene Thibodeaux, C.J., Billie Colombaro Woodard, and Marc T. Amy, Judges.

**AMY, J., CONCURS AND ASSIGNS REASONS.**

AFFIRMED.

Daniel T. Murchison, Sr.
Murchison and Murchison, L.L.C.
P. O. Box 226
Natchitoches, LA 71458-0226
Telephone:  (318) 352-2303
COUNSEL FOR:
        Defendant/Appellee - City of Natchitoches, Louisiana

Mark Watkins Odom
Booth Lockard Politz LeSage Hayter & Odom, L.L.C.
P. O. Drawer 1092
Shreveport, LA 71163
Telephone:  (318) 222-2333
COUNSEL FOR:
        Plaintiff/Appellant - Don M. Barron Contractor, Inc.

**Mark Alexander Begnaud**
**McCoy Roberts & Begnaud**
**P. O. Box 1369**
**Natchitoches, LA 71458-1369**
**Telephone:  (318) 352-6495**
**COUNSEL FOR:**
>       **Intervenor/Appellee - CBC Services, Inc.**

**Mark Alexander Begnaud**
**McCoy Roberts & Begnaud**
**P. O. Box 1369**
**Natchitoches, LA 71458-1369**
**Telephone:  (318) 352-6495**
**COUNSEL FOR:**
>       **Intervenor/Appellee - CBC Services, Inc.**

THIBODEAUX, Chief Judge.

In this public bid law case, plaintiff-appellant, Don M. Barron Contractor, Inc. (Barron), the second lowest bidder on a city construction project, appeals the judgment of the trial court in favor of the City of Natchitoches, Louisiana (the City). The judgment dismissed Barron's petition for injunctive relief recalling the temporary restraining order it obtained on December 12, 2003. Barron sought injunctive relief against the City to prevent it from contracting with CBC Services, Inc. (CBC), the apparent low bidder for the construction of an alternate water supply for the City. For the following reasons, we affirm the judgment of the trial court.

## I.

### ISSUE

The issue in this case is whether the trial court properly applied La.R.S. 38:2212 (A)(1)(a), also called the "Public Bid Law," where the lowest bidder did not properly fill in the blanks of the bid form supplied by the City to potential construction bidders.

## II.

### FACTS

The facts of this case are not disputed. Sibley Lake provides water for the City. To supply an alternate water source for the city in times of drought, the City decided to connect Sibley Lake with Bayou Pierre. Thereafter, the City advertised for bids on the construction project that would link the two water bodies. Public bids were opened in November 2003. CBC and Barron were two of the seven companies that bid on the project. The City determined that CBC provided the lowest bid at $1,449,180.00, and Barron provided the second lowest bid at $1,502,633.50, a

1

difference of $53,453.50. After a meeting of the City's evaluation committee, the City chose to award the contract to CBC.

Barron objected to the City's action awarding the contract to CBC. However, its objection was to no avail as the City Council voted unanimously to award the project contract to CBC because it was the lowest responsible bidder. Thereafter, Barron filed a petition for injunctive relief seeking a temporary restraining order and preliminary injunction against the City to enjoin it from executing the contract with CBC for the construction of the alternate water supply project. CBC intervened supporting the City's position in this matter. Barron alleged that it, not CBC, was actually the lowest responsible bidder because CBC failed to complete the City's bid form correctly.

The portion of the bid form regarding the price of the top soil required to complete the project is at issue. Portions of the City's bid form required that the bidders provide prices based on the per unit cost of a listed item. In one column, the amount per unit of material is to be written in both words and numerals. The form provided that "[i]n case of discrepancy, the amount in words will govern." The bid form stated that the project would require 250 cubic yards of top soil. Thus, in the unit price column, the bidders were required to write the price of one cubic yard of soil. In the last column, the bidder is required to provide the total cost by multiplying the cost per cubic yard of topsoil by 250 cubic yards. In the present case, CBC correctly noted the topsoil at $20.00 per cubic yard in the blank provided for placing the cost in numeric terms. However, in the blank provided for writing out the monetary term in words, CBC wrote out the total cost of providing topsoil for the project instead of writing the unit price of "twenty dollars and no/100." Thus, from the words written in that blank, it appears that CBC quoted a $5,000.00 unit price for the topsoil, which, when calculated, results in a total cost, for just the project's topsoil

2

needs, of $1,250,000.00, which would make CBC's bid clearly higher than Barron's bid when the cost of the remainder of the project's needs are taken into account. CBC did correctly write the total cost of $5,000.00 based on the $20.00 per unit of topsoil in the total column.

In response to Barron's petition, the trial court entered a temporary restraining order. On December 18, 2003, after a hearing, the trial court recalled the temporary restraining order and dismissed Barron's petition for injunctive relief. It is from this action by the trial court that Barron appeals.

III.

## LAW AND DISCUSSION

Barron argues that the trial court committed legal error in finding that the public bid law does not prohibit the acceptance of bids that are not completed in conformity with the bid form provided by the public agency requesting bids. Barron asserts that the trial court erred in finding that CBC submitted the lowest bid where the unit price of the topsoil quoted by CBC would make CBC the highest bidder on the City's water project.

Public contracts are governed by Title 38 of the Louisiana Revised Statutes, Public Contracts, Works & Improvements. Specifically, La.R.S. 38:2212 A(1) regulates the awarding of public works contracts and provides:

> (a) All public work exceeding the contract limit as defined in this Section, including labor, materials, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised, and no such public work shall be done except as provided in this part.

> (b) The provisions and requirements of this Section, those stated in the advertisement for bids, and those required on the bid form shall not be considered as informalities and shall not be waived by any public entity.

3

Further, La.R.S. 38:2212, which requires that public contracts be advertised and competitive bids be obtained prior to a public entity contracting for public works, "is a prohibitory law founded on public policy. It was enacted in the interest of tax paying citizens of this state, and its purpose is to protect these citizens against contracts of public officials awarded through favoritism and possibly involving exorbitant and extortionate prices." *Mickey O'Connor Gen. Contractor, Inc. v. City of Westwego,* 01-825, p. 4 (La.App. 4 Cir. 11/27/01), 804 So.2d 128, 130, *writ denied*, 01-3391 (La. 3/15/02), 811 So.2d 908 (citations omitted). In *Haughton Elevator Div. v. State*, 367 So.2d 1161 (La.1979), the supreme court instructed that when awarding a public works contract, the public agency is vested with the power and discretion to determine the responsibility of the bidder and to reject all bids if none is satisfactory. The public agency cannot arbitrarily select a bid that is higher and reject bids that are lower. *Mickey O'Connor Gen. Contractor, Inc.,* 804 So.2d 128. All that is required of the awarding public agency, after careful consideration of the bid document, is that it act in a manner that is not arbitrary. *Williams v. Board of Sup'rs,* 388 So.2d 438 (La.App. 2 Cir. 1980).

In the present case, the City interpreted the CBC bid on the 250 cubic square yards of topsoil at $20.00 per unit for a total of $5,000.00. It chose to rely on the amount in the bid form written in numerals, which corresponded to CBC's total cost for providing all of the topsoil, instead of the amount written in words. The primary issue presented for our review is whether this interpretation by the City is arbitrary or is an abuse of discretion.

There is no question that the CBC bid, with respect to the unit price of the topsoil, contained a discrepancy between the amount written in words and the amount written in numerals. There is also no question that CBC's bid for the total cost of the 250 cubic yards of topsoil corresponded with the unit price amount written

4

in numerals. The record indicates, and Barron points out, that note 2 of the bid form on page 8 stated that the amounts quoted are to be shown in both words and figures and that, in case of discrepancy, the amount shown in words would prevail. Barron argues that a discrepancy exists with respect to CBC's bid on the unit price of topsoil; therefore, the $5,000.00 unit price written out in words should prevail over the $20.00 unit price written in figures.

To support its position, Barron cites La.R.S. 38:2220 (A) which provides that public contracts entered into contrary to the Public Bid Law are null and void, and the requirements of the bid form cannot be waived by the public entity. La.R.S. 38:2212 (A)(1)(b). Accordingly, because CBC did not complete the bid form as required and given that the City has no authority to waive the requirement, the City should not have entered into a contract with CBC for construction of the alternate water supply system.

Further, Barron argues that this court's decision in *V.C. Nora, Jr. Bldg. & Remodeling, Inc. v. State, through Dep't of Transp. & Dev.*, 93-1469 (La.App. 3 Cir. 3/30/94), 635 So.2d 466 directly addresses the issue in the present case and is binding. We disagree. In *Nora*, the Louisiana Department of Transportation (DOTD) received a bid from Nora. Nora completed the form by writing out the total amount for the various items as opposed to the unit price. Like the bid form in the present case, some items were to be priced in total and some were to be priced per unit. However, unlike the present case, the bid form in *Nora* with respect to items to be priced by unit, did not have a blank or a column within which a bidder could write out the price in numbers. Further, the *Nora* bid form had no column in which the unit price could be multiplied by the number of units needed to get a total cost for the amount of that item needed. Thus, there was no way for the DOTD to determine, from the document, whether the amount written in the blank was the unit price or total

5

price.  Apparently, the City in the present case addressed the problem of *Nora* in its bid form where it provided separate blanks for numerically writing the price and for writing the price in words as well as a separate column for the total.  As we stated in *Nora:*

> While under the present facts it is apparent Nora intended its bid to be $239,358 and not $41 million, this conclusion requires an interpretation outside the four corners of the bid.  We cannot deny that by ordering DOTD to accept a bid subject to different interpretations, we may be injecting ambiguity into the public bidding process. . . . [S]uch ambiguity would erode the objective basis upon which contracts are awarded and thereby open a "Pandora's box" to the favoritism and corruption that the public bid laws were established to prevent.

*V.V. Nora, Jr. Bldg. & Remodeling, Inc.*, 466 So.2d at 472.  Finally, in *Nora*, DOTD was questioning compliance with its bid forms.  Here, the City submits that CBC conformed substantially to the City's bid requirements.  To the extent that we must give deference to a governmental agency's decision vis-a-vis a public bid contract, our decision is not inconsistent with *Nora*.  *See Haughton Elevator Div. v. State of La.*, 367 So.2d 1161 (La.1979).

In this case, the City did not have to go outside the four corners of the CBC's bid form to determine CBC's intent with respect to the cost of topsoil.  All relevant information was provided on the bid form.  Under the circumstances presented here, we find that the City's interpretation of the question of the unit price of the topsoil in CBC's bid form is reasonable and is neither arbitrary nor capricious. Based on the information provided on the bid form and a simple mathematical calculation, it was reasonable for the City to conclude that CBC's unit price for the topsoil to be used in the project was $20.00 per unit as opposed to $5,000.00 per unit. The City did not abuse its discretion in determining that CBC met the bid requirements and was the lowest bidder.

The trial court found that CBC's bid amount was apparent on the face of the document despite the discrepancy between the unit price written in words and the unit price written in numbers. Under the particular circumstances of this case, we agree with the trial court's conclusion that the CBC bid was merely a clerical error easily corrected without the necessity of going outside of the four corners of the bid document.

IV.

## CONCLUSION

Because Barron has failed to show that the City abused its discretion in its interpretation of CBC's completed bid form or that it substantially deviated from the public bid law, the trial court acted correctly in denying Barron's request for injunctive relief. Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiff-appellant, Don M. Barron Contractor, Inc.

**AFFIRMED.**

NUMBER 04-173

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

DON M. BARRON CONTRACTOR, INC.

VERSUS

CITY OF NATCHITOCHES, LOUISIANA

AMY, J., concurring.

In my opinion, the proper focus in the matter on appeal is whether the construction contract at issue was awarded to CBC as a result of arbitrary conduct on the part of the City of Natchitoches. It is apparent from the face of the bid sheet that the portion of CBC's bid pertaining to topsoil totalled $5,000 and that this figure was derived by multiplying $20.00 by 250 cubic feet. It is likewise apparent that the City of Natchitoches readily understood what was intended in this portion of CBC's bid, and, as such, it did not act arbitrarily in awarding the contract to CBC.

The appellant cites *V.C. Nora, Jr. Building and Remodeling, Inc. v. State, through Department of Transportation & Development*, 93-1469 (La.App. 3 Cir. 3/30/94), 635 So.2d 466, for the proposition that the written words found on a bid sheet govern in situations in which written and numeric bids conflict. In reliance upon *Nora*, the appellant argues that the written portion of CBC's topsoil bid, "Five thousand dollars and zero cents," is, in fact, CBC's unit price for topsoil instead of the numeric "$20.00" that appears therein. In my opinion, however, the present appeal does not implicate *Nora*. In *Nora*, a panel of this court commented that a proper interpretation of the ambiguous bid in dispute would necessitate reference to information outside the bid sheet's four corners; as such, the panel determined that the written figures on the bid sheet were to be used in calculation instead of the numeric

figures listed.  However, in the present appeal, the bid at issue is not ambiguous. Moreover, the interpretation urged by the appellant would yield an obviously incorrect result.

Finally, it is worth remembering that an underlying purpose of the public bid law is to promote fair and responsible decision making by public entities.  It is my opinion that in the instant matter, the City of Natchitoches' actions with respect to CBC's bid were not in contravention of these principles.

Accordingly, I respectfully concur in the result reached by the majority.