EDWARDS, Judge.
The Terrebonne Parish Police Jury accepted bids for the proposed North Terre-bonne Parish sewage treatment plant on August 26, 1982. A. L. Sizeler Construction Company, Inc., was the low bidder on the project at $777,400.000. The next lowest bidder asked $978,000.00. The Sizeler representative knew by the $200,000.00 discrepancy[1] that there was an error in his company’s bid. Sizeler notified the Police Jury of the error and said that it wanted to withdraw its bid under the provisions of LSA-38:2214. The Police Jury declined to allow Sizeler either to withdraw its bid or to modify the amount by correcting the error.[2] Sizeler then refused to sign the contract.
The Police Jury, plaintiff herein, filed this suit against Sizeler and its insurer, Employers Insurance of Wausau, to forfeit Sizeler’s bid bond. The bond was for 5% of the amount of the bid, to apply in the event that Sizeler failed to enter a contract. After a non-jury trial there was judgment for plaintiff in the amount of $45,850.00.
Defendants brought this suspensive appeal, arguing that LSA-R.S. 38:2214 provided the statutory basis for Sizeler to withdraw its bid without penalty. Plaintiff answered the appeal, asking for (1) attorney’s fees not awarded by the trial court and (2) damages, on the ground that defendants’ appeal was frivolous.
The trial court found there was adequate proof that Sizeler had made an error in its bid. The court said,
There is no dispute that Sizeler made an error in their bid. The error consisted of the omission of two items from the bid. First Sizeler failed to calculate and include in the final bid the costs of their in-house labor. Additionally, Sizeler also failed to include in the bid the costs of securing the surety bond. These omissions did not show up on the face of the bid as the bid was not broken down or itemized but was submitted as a lump sum bid. Therefore it is not possible, from the face of the bid, to determine which items were included in the bid and which items were not. However, the Court is satisfied that Sizeler has proven that they did make these errors in putting together their bid.
The question before the trial court was whether Sizeler was entitled to withdraw its bid, without forfeiting the bid bond, under LSA-R.S. 38:2214(A)(3). The law at that time read as follows:
Bids containing patently obvious mechanical or clerical errors supported by clear and convincing evidence may be withdrawn by the contractor at the time of bid opening and the bid bond or any deposit returned to such contractor where notice of the error is given to the public entity prior to the signing of the contract by the parties.
Bids were opened at 2:00 P.M. on Thursday, August 26, 1982 in Houma, Louisiana. Mr. Tavema, a vice-president, was there to represent Sizeler. He testified that he knew there was an error immediately by the large gap between Sizeler’s bid and the next lowest. He telephoned James Davis at the company’s office in New Orleans. Davis, administrative vice-president and the man who had prepared the bid figures, agreed there was a mistake. The two men worked to discover their error the next day (Friday) and into the weekend.
*411 On Monday, August 30, 1982, after the mistake had been located, Sizeler notified the Police Jury of the error and of its intention to withdraw the bid. Two days later, on Wednesday, September 1, there was a meeting in Houma between Sizeler and the consulting engineers. Taverna and Davis attended, together with Carl Jakob and Arthur DeFraites, Jr., both employed by Gulf South Engineers, Inc., consultants for the Terrebonne Parish Police Jury. Taverna and Davis explained the nature of the error and presented a spreadsheet summarizing the entire bid. They offered to make their original work papers available to the consultants and to the Police Jury. The testimony shows that the engineers (1) doubted the truthfulness of the spreadsheet, but (2) refused to examine the supporting papers.
It was agreed, however, that Sizeler would have an opportunity to present its case to the Police Jury at the next meeting, scheduled for the following Wednesday, September 8. Davis and Taverna went to that meeting, along with their attorney, Mitchell Herzog. The matter was on the agenda and there was a presentation made concerning the contract. At that point, Sizeler’s counsel rose to speak. He was told that he had no standing to address the Police Jury and would not be allowed to present his case. A vote was then taken to accept Sizeler’s bid, whereupon the Sizeler people departed. Their attorney testified at trial:
Q. After the resolution was adopted awarding the contract to Sizeler, what action did you take in connection with that meeting?
A. We left.
Q. Why did you leave, Mr. Herzog?
A. The game was over. I mean — the merits were discussed, one side, and a vote was taken and the contract was accepted. There wasn’t any purpose in staying.
Plaintiff argues in its brief that Sizeler should have made its case after the close of business during the “public” portion of the meeting, since Sizeler was not on the agenda. We find this argument invalid, since the subject matter of the contract was on the agenda. Indeed, because the “public” period came after the close of official business, the bid would already have been voted on. To ask a public body to do something is quite different from asking it to undo that which it has already done. Thus Sizeler cannot be said to have had a fair opportunity to present its case.
Sizeler argues that the Police Jury was arbitrary in its handling of this matter. We agree. The statute, quoted above, refers to “errors supported by clear and convincing evidence.” In order for any public authority to determine whether evidence is clear and convincing, the evidence must be heard. The record before us shows a studied indifference by both the consulting engineers and the Police Jury regarding Sizeler’s explanation. The result is that a contract was awarded on the basis of error.
The trial judge was correct when he said, after having heard the evidence, “There is no dispute that Sizeler made an error in their bid.” Had the Police Jury and their engineers actually examined the facts, they could have seen that there was a legitimate mistake. We hold, accordingly, that Sizeler proved error by evidence both clear and convincing.
The question then becomes whether the error was patently obvious. The trial judge held to the contrary. He said, “The Court is of the opinion that the term ‘patently obvious’ means that the error must be evident on the face of the bid.” The judge continued, “Additionally, the bid was not so low as to put the Police Jury on notice that an error had been committed.” However, Mr. Taverna, Sizeler’s vice-president, testified he knew immediately that an error had been made.
We think the trial judge misread the Legislature’s intent. It is true that the error must be obvious and patent, but to whom? While there could conceivably be an error of such magnitude that anyone could see it, such as a typographical mistake resulting in a $20,000.00 bid on a *412 $2,000,000.00 project, we think the statute includes situations far less glaring. Furthermore, there would be no need for “clear and convincing proof” in self-evident cases of that kind.
We hold that, aside from plainly visible errors, the statute places the burden upon the bidder. He must prove an error of mechanical or clerical nature which is patent and obvious in light of the offered proof.
By this standard, Sizeler proved patent error. All of the figures were on the various worksheets, but two of them were left off when the amounts were transferred and totaled up. Since those two numbers together equal the amount of the omission, the error is patent and obvious. The presence of those figures in the worksheets but not in the bid is clear and convincing proof of the way the error was made.
The trial court said, however, concerning the nature of the mistake, “The Court considers this error to be a substantive error in the making of the bid and not a mechanical, clerical or mathematical error.”
We disagree. Black’s Law Dictionary defines clerical error as “a mistake in writing or copying.” This describes precisely the kind of mistake Sizeler made. A substantive error, on the other hand, would be a mistake in arriving at the figures which comprised the bid.
Accordingly, we reverse the judgment of the trial court and allow Sizeler to withdraw its bid without forfeiture of the bid bond. Although the maximum amount of the bond was $38,870.00, the court awarded $45,850.00. To the extent that damages were awarded over and above the amount of the bond, we reverse the judgment in that respect also. Damages were unauthorized in a suit to forfeit a bid bond where no damages were mentioned in the pleadings.
We affirm the trial court’s refusal to award attorney’s fees to plaintiff. We note that in its answer to the appeal, plaintiff sought damages for frivolous appeal and additional attorney’s fees for the prosecution thereof. In view of the fact that this statute has never before been interpreted by the courts, any frivolity in this case would not lie with defendants. Nonetheless, since the matter was raised but not briefed, it is considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.-4.
All costs of these proceedings, in the amount of $1,247.84, are taxed to plaintiffs. This includes $300.00 in expert witness fees.
REVERSED IN PART, AFFIRMED IN PART.
LANIER, J., concurs in the result.

. The difference in the bids was actually $200,-600.00. Throughout the trial and in the appeal briefs it has been rounded off to $200,000.00 for ease of discussion.

. The error consisted of $118,825.00 for in-house labor and $9,044.00 for the cost of the bid bond, totaling $127,869.00. If this amount had been added to Sizeler’s faulty bid of $777,400.00, the new total of $905,269.00 would still have been $72,731.00 below the next lowest bid.