GUIDRY, J.
|2The State of Louisiana, Division of Administration, Office of Facility Planning and Control (OFPC), appeals a trial court judgment granting injunctive and declaratory relief to a rejected bidder on a public works project. Considering the facts and evidence presented, we reverse.
FACTS AND PROCEDURAL HISTORY
Roof Technologies, Inc. (Roof Tech), a corporation duly organized and existing *622 under the laws of Louisiana, with its principal place of business in Jefferson Parish, submitted a bid for a public works project in New Orleans described as “Repair and Restoration of Historic Garrison Roofs at Jackson Barracks.” By a letter dated February 5, 2009, OFPC notified the president of Roof Tech that the company’s bid was rejected for “several typographical correction tape or liquid paper corrections or erasures on pages B3-7, and B4-7 of the bid form that you failed to initial, as required by the Instructions to Bidders in 5.1.4 and [La. R.S.] 38:2212(A)(l)(b).”
Roof Tech contested this finding and action by the OFPC, and upon receiving notice that the OFPC was rebidding the project, Roof Tech filed a petition for in-junctive relief to enjoin the OFPC from awarding the contract for the project to any other bidder and for declaratory relief to be declared the lowest, responsive bidder for the project. Following a hearing, the trial court rendered judgment as prayed for by Roof Tech in its petition. It is from this judgment that the OFPC appeals.
ASSIGNMENTS OF ERROR
The OFPC alleges that the following findings and actions by the trial court resulted in the trial court erroneously granting Roof Tech injunctive and declaratory relief as prayed for:
|31. By focusing on “typographical errors” instead of Roof Tech’s failure to initial its alterations and/or erasures as required by the bid documents;
2.In reading Instruction to Bidder 5.1.3 that pertained to discrepancies between numbers and written words in pari materia with Instruction to Bidder 5.1.4 that pertains to erasures and alteration needing to be initialed;
3. In finding that the law prohibiting waiver of the requirements of the bid document was not implicated in this factual situation; and
4. In enjoining the State from rebidding this Project when all bidders exceeded the amount available for construction.
DISCUSSION
The primary issue to be resolved in this appeal is whether Roof Tech’s bid could validly be rejected because several corrections contained in its bid joroposal were not initialed. Instruction 5.1.4 of the “Instructions to Bidders” contained within the contract documents for the project states “[a]ny interlineations, alteration or erasure must be initialed by the Signer of the bid or his authorized representative.” Furthermore, La. R.S. 38:2212 A(l)(b)(i) states “[t]he provisions and requirement of this Section,[1] those stated in the advertisement for bids, and those required on the bid form shall not be waived by any entity.”
At the hearing on this matter, the president of Roof Tech, William Luebbert, who signed the bid proposal on behalf of Roof Tech, and Tiffany Griffin, the administrative assistant who typed the bid proposal submitted by Roof Tech, testified. Ms. Griffin acknowledged that while typing the bid proposal she corrected some typing errors she made by using the “word-out” function key on the typewriter. The errors are clearly visible as faint shadows beneath the correctly typed characters on pages nine and ten (alternately labeled as pages B3-7 and B4-7 in the lower right-hand corner of the pages) of the bid proposal Roof Tech submitted. Ms. Griffin *623 testified that she only gets Mr. Luebbert to initial a change l4to a “whole” number, not just one correction made by the typewriter. Mr. Luebbert further explained that typically he does not initial an error “that is being corrected by a machine,” but a handwritten correction of an error he does initial.
The OFPC submitted copies of pages from The American Heritage Dictionary of the English Language defining the terms interlineation, alteration, and erasure. According to Instruction 5.1.4, “[a]ny interlineation, alteration or erasure must be initialed by the signer of the bid.” Of the actions listed in Instruction 5.1.4 that must be initialed, the corrections made on the bid proposal submitted by Roof Tech would unquestionably be considered an “alteration,” which is defined, in part, as the “condition resulting from altering; a modification; change.” The American Heritage Dictionary of the English Language 37 (William Morris ed., New College ed., Houghton Mifflin Co.).[2]
In granting Roof Tech injunctive and declaratory relief as prayed for, the trial court basically concluded that because Roof Tech’s bid proposal did not contain any errors, its bid should not have been rejected by the OFPC. As it explained in its reasons for judgment:
After reviewing the original bidding forms in this case, however, I am not convinced that there were any typos that would necessitate rejecting Roof Tech’s bid. While I understand the law requires the OFPC to scrupulously uphold the bidding requirements to prevent favoritism, I do not believe that policy is implicated under these circumstances. As counsel for the OFPC acknowledged at the hearing, under the OFPC’s own bidding rules, the bidder is required to fill in the form by hand or type on the form using a manual typewriter. There are bound to be occasional infinitesimal irregularities in the printed characters. Additionally, I agree with Roof Tech’s argument that the rule requiring all bid sums to be expressed in both words and figures removes any doubt that may arise based on some printed irregularity in the numerical characters. In this case, the printed words are crystal clear and no reasonable person could seriously doubt Uthe amount of the bids that are literally spelled out next to the Arabic numerals. See Instruction to Bidders, Rule 5.1.3.[3]
As it pertains to projects let for public bid, form matters as much as substance. As observed by the Louisiana Supreme Court, “[t]he legislature changed the wording of [La. R.S. 38:2212 A(l)(b) ] several times in an attempt to change the law, and to make clear that the requirements of the advertisement for bids and the bid form, as well as the Public Bid Law, shall not be waived.” Hamp’s Construction, L.L.C. v. City of New Orleans, 05-0489, p. 9 (La.2/22/06), 924 So.2d 104, 110. Further, as this court stated in Barriere Construction Co., LLC v. Terrebonne Parish Consolidated Government, 99-2271, pp. 5, 7-8 (La.App. 1st Cir.2/18/00), 754 So.2d 1123, *624 1126 and 1127-1128, writ denied, 00-0801 (La.5/5/00), 761 So.2d 546:
A public entity may reject any and all bids for just cause. [La. R.S.] 38:2214 B. The statute defines certain situations that constitute “just cause,” but states the definition is not limited to those circumstances. [La. R.S.] 38:2214 B. The “just cause” provision must be read in pari materia with the provision stating that the Public Bid Law’s requirements, along with those required by the advertisement for bids and the bid form, cannot be considered as informalities and cannot be waived. [La. R.S.] 38:2212 A(l)(b).
[[Image here]]
The statutory requirements, advertisement requirements, and bid form requirements, including those included by reference to other documents, must be completely and accurately observed. The Public Bid Law could not be more clear in stating that a bidder’s failure to comply with every detail can invalidate the bid. The consequences of such defects should be on the bidder who prepares the bid. It would put public entities in a totally untenable situation if this court were to require the waiver of certain irregularities in the face of the statutory prohibition. There could never be any certainty for the public entity during the bid opening procedure if a court could simply second-guess the process and state that a particular kind of defect should have been waived.
In this case, while Roof Tech’s bid proposal may be clear, unambiguous, and, because of the corrections made, error free, Roof Tech, nevertheless, failed to comply with Instruction 5.1.4 to initial the corrections or alterations made in the Lbid proposal. And pursuant La. R.S. 38:2212 A(l)(b)(i), the OFPC was required to reject Roof Tech’s bid because of its failure to comply with Instruction 5.1.4. While such an application of the Public Bid Law may not readily appeal* to further the policy of preventing public officials from awarding contracts on the basis of favoritism or at possibly exorbitant prices, see Capital City Towing & Recovery, Inc. v. City of Baton Rouge, 97-0098, p. 4 (La.App. 1st Cir.2/20/98), 709 So.2d 248, 250, it nonetheless does foster and sustain public trust in that strict enforcement of Instruction 5.1.4 would establish that any changes made to a submitted bid proposal were made by the actual bidder and not an employee or representative of the public entity to favor or assist a bidder. See also Hamp’s Construction, L.L.C., 05-0489 at 10, 924 So.2d at 110. Thus, we find that the trial court erred' in granting Roof Tech’s request for injunctive and declaratory relief.
CONCLUSION
The OFPC properly rejected Roof Tech’s bid in accordance with La. R.S. 38:2212 A(l)(b)(i), based on Roof Tech’s failure to initial the corrections made in its bid proposal in violation of Instruction 5.1.4 of the “Instructions to Bidders.” Accordingly, we reverse the judgment of the trial court granting Roof Tech injunctive and declaratory relief. All costs of this appeal are assessed to Roof Technologies, Inc.
REVERSED.
CARTER, C.J., Dissents and Assigns Reasons.
WHIPPLE, J. Dissents for the Reasons Assigns by Chief Judge CARTER.

. The Section is entitled "Advertisement and letting to lowest responsible bidder; public work; electronic bidding; participation in mentor-pro tégé program.”

. The exhibit does not include the date of publication of the dictionary for inclusion in the citation. The exhibit also included the following definitions for the remaining two terms: "erasure” means "[ajn act of erasing” or "[tjhe trace mark remaining on a surface from which something has been erased.” "Interlineation” means "[l]o insert words between the lines of La textj.” The American Heritage Dictionary of the English Language at 444 and 684.

. Instruction 5.1.3. of the "Instructions to Bidders” states "[b]id sums shall be expressed in both words and figures, and in case of discrepancy between the two, the written words shall govern.”