DANIEL L. DYSART, Judge.
Lin this case involving the award of a public construction contract, appellant, Command Construction Industries, L.L.C. (“Command”), seeks reversal of the trial court’s denial of its request for injunctive relief (or mandamus). For the reasons that follow, we find that the trial court improperly denied Command’s request for injunctive relief (or mandamus). At this stage, with the near completion of the contract at issue, a reversal of the trial court’s rulings is no longer possible. As Command reserved its right to seek damages at a later date “should the contract be improperly awarded,” we remand this matter for a determination of whether Command is entitled to damages.[1]
Intervenor, Durr Heavy Construction, L.L.C. (“Durr”), to whom the contract was awarded, appeals the trial court’s denial of attorney’s fees and costs. Because of our finding that the contract was improperly awarded to it, we do not reach the issues raised in its appeal as those issues are moot.
_|2F ACTUAL AND PROCEDURAL BACKGROUND
This matter involves the bidding on, and awarding of, a public works construction project by the City of New Orleans (“City”), known as the Harrison Avenue Streetscape Project (“the Project”). The contract for the work was ultimately awarded to Durr. Two unsuccessful bidders on' the project, Command and FHP Tectonics Corp. (“FHP”) filed separate actions seeking injunctive relief (or mandamus). Those cases were consolidated; however, FHP voluntarily dismissed its action on October 8, 2012. Accordingly, the only matter before this Court concerns Command.
Command initiated this action by filing a Petition for Temporary Restraining Order, Preliminary Injunction and Writ of Mandamus (“Petition”) on August 17, 2012, which sought to compel the City to award it the construction project for which it was allegedly the lowest bidder. The Petition also sought to enjoin the City from receiving bids and awarding or executing any *718 contract until the request for preliminary injunction was heard.
According to the Petition, the City opened bidding on the Project on July 10, 2012. Bids were submitted by FHP, Durr and Command. FHP was the lowest bidder; however, because of irregularities in its submission, FHP’s bid was not considered. The next lowest bid was from Command, whose base bid totaled $2,793,046.00. Durr submitted a base bid in the amount of $2,974,275.00. By letter dated July 11, 2012 (the day after Durr submitted its bid), Durr sought to Ramend its bid because of a “clerical error,” and it substituted a revised base bid (“Revised Bid”) of $2,444,850.80.
On July 27, 2012, Command issued a letter of formal protest to Durr’s bid, which maintained that Durr’s bidding procedures violated the Louisiana Public Bid Law, La. R.S. 38:2212 et seq. At that time, the contract had not been awarded. However, the City reportedly advised Command that it intended to award the contract to Durr, leading Command to file this lawsuit on August 17, 2012.
By order dated August 20, 2012, the trial court denied Command’s request for a temporary restraining order and a writ of mandamus. The court set the application for injunctive relief for an August 30, 2012 hearing, with the matter to be heard upon the verified pleadings and supporting affidavits.
Durr intervened in the action on September 5, 2012, on the basis that the contract was properly awarded to it on August 17, 2012, as it was the lowest bidder on the project. As concerns Durr’s amended bid submission, Durr’s position was that a clerical error had been made, which was obvious from the bid submission form. In addition to a declaration that the contract had been properly awarded to it, Durr sought attorney’s fee and costs under La. R.S. 38:2220.4 B(l). Durr filed a Motion for Attorney’s Fees and Costs which was heard on November 30, 2012, and denied by judgment dated January 8, 2013.
The trial court then rendered judgment on February 19, 2013, denying Command’s request for a preliminary and permanent injunction. It further denied the request for a writ of mandamus as moot. Appeals were taken by Command as |4to the denial of injunctive relief and mandamus, and by Durr as to the trial court’s denial of its request for attorney’s fees and costs. DISCUSSION
The main issue in this appeal turns on whether Durr’s Revised Bid submission complied with the provisions of the Public Bid Law found at La. R.S. 38:2212 et seq. According to the documents in the record, the City solicited bids for the Project, which contained certain instructions, including the warning that “[bjids containing any conditions, omissions, unexplained alterations, or irregularities of any kind may be rejected as informal.” The City’s bid documents further indicated that “[t]he prices should be expressed in words and figures ... [and][i]n case of discrepancy between the prices written in the bid and those given in the figures, the price in writing will be considered as the bid.” Modifications to bids were permitted before bidding was opened, as the bid documents expressly stated that:
Prior to the time set for bid opening, written and online bids may be modified and withdrawn. Modified bids must be on official forms. Changes and erasures to written bids must be explained or noted over the initials of the bidder and signed by a person legally empowered to bind the bidder.
(Emphasis added).
Implicit within these guidelines is that, once bidding was opened, modifications *719 were no longer permitted. Furthermore, any “changes and erasures” (i.e.“modifications”) had to be “explained or noted.” Again, though, changes and erasures to written bids were allowed only “prior to the time set for bid opening.”
|5The form used by the bidders, a Louisiana Uniform Public Work Bid Form,[2] requires a declaration of each bidder that it is familiar with the project work site and a certification that it will provide “all labor, materials, tools, appliances and facilities as required to perform, in a workmanlike manner, all work and services for the construction and completion of [the Project], all in strict accordance with the Bidding Documents.” The bid form then sought a “TOTAL BASE BID” sum, which specifically stated that it was for “all work required by the Bidding Documents (including any and all unit prices designated as ‘Base Bid’ but not alternates).” (Emphasis added). Immediately after the total base bid, each bidder was to supply three alternates, each in a lump sum; one for “[cjross walk,” another for “planting in median area,” and a third for “PVC sleeves and pull boxes.”
There is no dispute that Durr’s original total base bid was mistakenly comprised of the base bid (an addition of all the unit prices) plus all three alternates. That is, Durr erroneously added the three alternates to the base bid unitRprices to arrive at its initial bid of $2,974,975.00. This sum is obviously higher than Command’s base bid of $2,793,046.00. When the three alternates are subtracted from the total base bid, however, Durr’s base bid is $2,444,850.90, as stated in its July 11, 2012 letter, which is lower than Command’s bid.
The question before this Court, therefore, is whether the City was required to consider only Durr’s initial bid of $2,974,975.00 or whether it could consider Durr’s entire bid packet (of seven pages) to determine the correct amount of its total base bid. Command maintains that, even if Durr’s original bid may have contained an accounting error, its July 11, 2012, attempt to substitute the first page of the bid documents was improper. Command further maintains that Durr’s sole recourse under the public bid laws was to withdraw its bid without forfeiting its bid bond.
We agree.
The Louisiana Public Bid Law, found at La. R.S. 38:2212 et seq., governs the manner by which all contracts for public works are to be awarded. Under La. R.S. 38:2212(A)(l)(a):
All public work exceeding the contract limit as defined in this Section, including labor and materials, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as ad *720 vertised, and no such public work shall be done except as provided in this Part.
Command correctly notes that “requirements contained in the Public Bid Law and in a public entity’s bid requirements may not be waived.” Hamp’s Const., L.L.C. v. City of New Orleans, 05-0489, p. 1 (La.2/22/06), 924 So.2d 104, 105. At issue in Hamp’s was whether the City of New Orleans could waive the failure of the lowest bidder on a public works project to attach a copy of the City’s Invitation to Bid in awarding it the project. The bid solicitation required the attachment of several documents, including a copy of the invitation to bid. It also warned that, where specifications were included in the bid proposal, “all bidders must comply with these specifications. Any deviations ... must be detailed and fully explained by bidder in writing.” Id., 05-0489 at p. 2, 924 So.2d at 106. The trial court held that the “substantive formalities as set forth in the bid requirement” had been met and therefore, the job had been properly awarded to the lowest bidder. Id., 05-0489 at p. 3, 924 So.2d at 107. This Court, in an unpublished opinion, reversed, finding that the City, which created the requirements for bidding “was bound by those requirements” and could not later waive them. Id.
The Supreme Court granted the City’s writ, reviewed the history of the legislative amendments to La. R.S. 38:2212(A)(l)(b) and noted:
There is nothing ambiguous about La. R.S. 38:2212(A)(b); the requirements of the Public Bid Law, the advertisement for bids and the bid form shall not be waived by any public entity. The legislature changed the wording of this statute several times in an attempt to change the law, and to make clear that the requirements of the advertisement for bids and the bid form, as well as the Public Bid Law, shall not be waived. The most recent amendment to the statute serves to emphasize that these requirements cannot be waived under any circumstances, regardless of whether they could be considered as informalities. Accordingly, the public entity should not include any requirements in its advertisement for bids or bid form that it considers insignificant or waiva-ble, 1 ^because once included, these requirements are non-waivable as a matter of law.
Hamp’s, 05-0489 at p. 9, 924 So.2d at 110. (Second emphasis added). It then held that no public entity has the discretion “to determine, after bids have been submitted, whether a requirement is substantive or non-substantive, waivable or non-waiva-ble.” Id., 05-0489, pp. 10-11, 924 So.2d at 111.
Several cases decided after Hamp’s reflect that irregularities in bid forms, even if informal or seemingly inconsequential, may not be discounted and set aside. In Enmon Enterprises, L.L.C. v. City of New Orleans ex rel. New Orleans Aviation Bd., 11-0459 (La.App. 4 Cir. 9/28/11), 76 So.3d 548, writ denied, 11-2580 (La.2/3/12), 79 So.3d 1029, for example, the City of New Orleans solicited bids for janitorial services at the Louis Armstrong New Orleans International Airport. Nine bids were submitted, all of which were rejected. One of the unsuccessful bidders sought a writ of mandamus, compelling the award of the contract to it. Among the issues with its bid were calculation errors, i.e. errors in arithmetic. Citing Hamp’s as evidence that the Supreme Court “made it clear that a public entity cannot deviate in any manner from the requirements it sets forth in its bid documents and the requirements set forth in any aspect of the Public Bid Law,” this Court found that the City properly rejected all of the bids. Id., 11- *721 0459 at p. 10, 76 So.2d at 554. This Court further noted that, whatever the cause of the errors in the bids, including calculation errors, “a public entity may not waive (1) any requirements of Public Bid Law, (2) any requirements stated in the advertisement for bid, or (3) any requirements stated on the bid form.” Id.
Similarly, in Roof Technologies, Inc. v. State, Div. of Admin., Office of Facility Planning and Control, 09-0925 (La.App. 1 Cir. 10/28/09), 29 So.3d 621, a public works contract bid solicitation for roofing work contained instructions including one that “[a]ny interlineations, alteration or erasure must be initialed by the Signer of the bid or his authorized representative.” Id., 09-0925 at p. 3, 29 So.3d at 622. One bid was submitted that contained certain typing errors that were corrected by the “word-out” typing feature of the typewriter used to prepare the bid. Under the corrected information, “faint shadows” of the errors could be seen, although there were no initials by the bidder next to these corrections. The Second Circuit, noting that “[a]s it pertains to projects let for public bid, form matters as much as substance,” reversed the trial court’s finding that there were no “typos that would necessitate rejecting” the bid. Id., 09-0925 at p. 5, 29 So.3d at 623.
The First Circuit held:
... while [the] bid proposal may be clear, unambiguous, and, because of the corrections made, error free, Roof Tech, nevertheless, failed to comply with Instruction 5.1.4 to initial the corrections or alterations made in the bid proposal. And pursuant La. R.S. 38:2212 A(l)(b)(i), the OFPC was required to reject Roof Tech’s bid because of its failure to comply with Instruction 5.1.4. While such an application of the Public Bid Law may not readily appear to further the policy of preventing public officials from awarding contracts on the basis of favoritism or at possibly exorbitant prices, see Capital City Towing & Recovery, Inc. v. City of Baton Rouge, 97-0098, p. 4 (La.App. 1st Cir. 2/20/98), 709 So.2d 248, 250, it nonetheless does foster and sustain public trust in that strict enforcement of Instruction 5.1.4 would establish that any changes made to a submitted bid proposal were made by the actual bidder and not an employee or representative of the public entity to favor or assist a bidder. See also Hamp’s Construction, L.L.C., 05-0489 at 10, 924 So.2d at 110. Thus, we find that the trial court erred in granting Roof Tech’s request for injunctive and declaratory relief.
Id., 09-0925 at pp. 5-6, 29 So.3d at 624.
In Beverly Constr. Co., L.L.C. v. Parish of Jefferson, 07-847, p. 5 (La.App. 5 Cir. 2/6/08), 979 So.2d 551, 553, the court rejected the bid of an unsuccessful bidder on a public works project which failed to attach its entire bid packet. In that case, the advertisements for bids stated that “this bid package must be returned in its entirety” and “bid package, including instructions and specifications, must be returned in its entirety for bid to be valid.” In finding the bid deficient, the court noted that “Hamp’s emphasized that even ‘informalities’ cannot be waived.” Id., 07-847 at p. 6, 979 So.2d at 554.
In light of Hamp’s, and its progeny, it is clear that public entities have no discretion in evaluating bids for public works to determine the lowest responsible bidder. Even ostensibly insignificant irregularities, such as failing to attach a copy of the public entity’s invitation to bid, as in Hamp’s, which in no way affected the actu *722 al bid price, cannot be waived.[3]
Here, while Durr’s bid need not be disqualified, the City was required to consider the bid, as it was presented on July 10, 2012. According to the City’s bid documents, modifications to bids were permitted only until the time that bidding was opened. Necessarily, once bidding was opened, no modifications were | ^permitted. More importantly, the Uniform Public Work Bid Form expressly stated that the total base bid would be “[f]or any and all work required by the Bidding Documents” and specifically instructed the bidders not to include alternates. The bid documents could not be any clearer. As the Supreme Court noted in Hamp’s, citing Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Authority, 04-0211, p. 8 (La.3/18/04), 867 So.2d 651, 657, “when a public entity elects to place certain requirements in its advertisements for bids and on its bid forms, that entity is bound by those requirements and may not choose to waive them at a later date.” Id., 05-0489 at p. 7, 924 So.2d at 109.
In this case, the City required a total base bid, exclusive of the alternates and only allowed modifications to bids prior to the opening of bids. Durr’s mistaken inclusion of the alternates in its total base cannot alter its unequivocal total base bid.[4] We find, therefore, that the record reflects that Command was the lowest responsible bidder, and the City improperly awarded the contract to Durr.
112Because the trial court denied the preliminary and permanent injunction and a mandamus, the project went forward, and, at this time, these remedies are no longer available. Durr maintains that “Command can never prove it was the lowest bidder and therefore can never be entitled to damages. Therefore, Command’s appeal is moot.”[5] The City, too, *723 argues that Command’s entitlement to damages is not before this Court. We agree that the issue of damages is not properly before this Court. However, we reject the notion that Command has no recourse.
As the Louisiana Supreme Court indicated in Airline Const. Co., Inc. v. Ascension Parish School Bd., 568 So.2d 1029, 1033 (La.1990) that “an unsuccessful bidder on a public contract who fails to resort to the relief granted by statute by attempting to enjoin timely the execution or the performance of the contract, when the facts necessary for injunctive relief are known or readily ascertainable by the bidder, is precluded from recovering damages against the public body.” The court expressly noted that it did not reach the issue of whether “an unsuccessful bidder [has] a cause of action ... to recover damages against a public body which awards a public contract in violation of the public bid laws.” Id.[6] However, implicit in its holding that a bidder is precluded from recovering [ isdamages if it does not timely seek an injunction, is the corollary that, should the unsuccessful bidder timely seek an injunction, it may recover damages. Indeed, that right was recognized by the Fifth Circuit in D & O Contractors, Inc. v. St. Charles Parish, 00-882, p. 7 (La.App. 5 Cir. 2/28/01), 778 So.2d 1285, 1290, which noted that “there is no question that an unsuccessful bidder may also seek damages once a contract is awarded pursuant to a defective bid.” Id.
We make no determination as to whether Command is entitled to damages, as that issue is not before us. In its Petition, Command “reserve[d] the right to seek damages at a later date should the contract be improperly awarded to any entity other than Command.” Accordingly, we remand this matter to allow Command to pursue its claim for damages.
We need not address the issue raised by Durr in its appeal of whether the trial court erred in refusing to award it attorney’s fees and costs pursuant to La. R.S. 38:220.4(B)(1). That issue is moot.
CONCLUSION
Because we have concluded that the bid in this matter was improperly awarded to Durr, this matter is remanded to the trial court for further proceedings consistent with this opinion.
REMANDED.

. Based strictly on the record, we find that the construction contract should not have been awarded to Durr Heavy Construction, L.L.C., as its bid did not meet the strict requirements of the Public Works Act and the City’s bid solicitation documents. We make no determination as to whether Command can show that it is entitled to damages as that issue is before us at this time.

. As this Court noted in Concrete Busters of Louisiana, Inc. v. Board of Com’rs of the Port of New Orleans, 10-1172, p. 5 (La.App. 4 Cir. 2/2/11), 69 So.3d 484, 487:
[a] Louisiana Uniform Public Work Bid Form was developed by the Louisiana Division of Administration pursuant to the mandate of La. R.S. 38:2212, which provides that the form so developed:
shall require only the information necessary to determine the lowest bidder and the following sections and information: Bid Security or Bid Bond, Acknowledgment of Addenda, Base Bid, Alternates, Bid Total, Signature of Bidder, Name, Title and Address of Bidder, name of Firm or Joint Venture, Corporate Resolution and Louisiana Contractors License Number, and on public works projects where unit prices are utilized, a section on the bid form where the unit price utilized in the bid shall be set forth.
La. R.S. 38:2212 A(l)(b)(ii)(aa)” [emphasis supplied in the original].

. The City's reliance on Don M. Barron Contractor, Inc. v. City of Natchitoches, 04-00173 (La.App. 3 Cir. 7/7/04), 879 So.2d 414, for its position that "if [it] could definitively determine the correct bid amount from the information provided within the four corners of the submitted bid proposal, the bid is acceptable” is misplaced. Under Hamp's, rendered after Barron Contractor, it is abundantly clear that irregularities in a bid may not be waived.

. We can conceive of the opposite situation, where a mistake is made in the total base bid where the unit prices are added incorrectly, resulting in a substantially lower base bid than that intended. In that case, the bidder has the option to withdraw its bid without penalty. La. R.S. 38:2214(C) specifically contemplates that situation and provides, in pertinent part:
Bids containing patently obvious, unintentional, and substantial mechanical, clerical, or mathematical errors, or errors of unintentional omission of a substantial quantity of work, labor, material, or services made directly in the compilation of the bid, may be withdrawn by the contractor if clear and convincing sworn, written evidence of such errors is furnished to the public entity within forty-eight hours of the bid opening excluding Saturdays, Sundays, and legal holidays. Such errors must be clearly shown by objective evidence drawn from inspection of the original work papers, documents, or materials used in the preparation of the bid sought to be withdrawn. (Emphasis added).
See, e.g., Terrebonne Parish Police Jury v. A.L. Sizeler Constr. Co., 491 So.2d 409 (La.App. 1st Cir.1986), where the low bidder mistakenly neglected to include certain costs in its bid and notified the public entity of its desire to withdraw or correct its bid, the bidder was allowed to withdraw its bid and the public entity could not compel the bidder to enter into a contract or forfeit its bond.

.Durr refers to the bid of another bidder, Fleming Construction Company, and suggests that its bid was lower than Command's; and therefore, even if Durr’s bid is set aside, the bid should have gone to it. Fleming Construction Company is not a party to this appeal, and the record contains nothing with respect to its bid. Accordingly, this argument has no merit in this appeal.

. See also Anne Lind & Associates v. Orleans Private Industry Council, 98-0848, p. 5 (La.App. 4 Cir. 2/3/99), 729 So.2d 1067, 1070 (where plaintiff waited almost a year after the completion of a public works project to seek an injunction, "she [was] precluded from bringing an action for damages”).