DYSART, J.,
Dissents, With Reasons.
hBecause I find that Hamp’s/AEC was a non-responsive bidder, I respectfully dissent.
The bid in question required that there be a thirty-five percent DBE[1] participation on the referenced project. Hamp’s/AEC submitted a DBE form indicating that it was able to meet the DBE goal by subcontracting with Boines Construction Equipment Co., Inc., After reviewing the DBE responsiveness form (DBE-1), the City deemed the bid non-responsive because Mr. Hampton had signed the form for the president of Boines. After the bid was rejected as non-_|responsive,2 Hamp’s/AEC submitted the affidavit of Michael Boines, attesting that *925 he had given Mr. Hampton permission to sign for him.
I find that the according to the clear dictates of Hamp’s Const., L.L.C. v. City of New Orleans, 05-0489 (La.2/22/06), 924 So.2d 104, the affidavit provided after the bid was submitted and rejected, is insufficient to cure the defect. The majority distinguishes Hamp’s on the basis that no bid requirements were waived because the minority company president gave Mr. Hampton permission to sign the DBE-1 for him. I disagree.
The Supreme Court clearly stated that no public entity has the discretion “to determine, after bids have been submitted, whether a requirement is substantive or non-substantive, waivable or non-waiva-ble.” Hamp’s, 05-0489, p. 9, 924 So.2d at 110 (emphasis added.).
In Enmon Enterprises, L.L.C. v. City of New Orleans ex rel. New Orleans Aviation Bd., 11-0459 (La.App. 4 Cir. 9/28/11), 76 So.3d 548, writ denied, 11-2580 (La.2/3/12), 79 So.3d 1029, this Court again followed the dictates of Hamp’s. In En-mon, an unsuccessful bidder claimed that calculation errors made in its bid should not preclude it from being awarded the job. This Court, citing Hamp’s, stated that the Supreme Court “made it clear that a public entity cannot deviate in any manner from the requirements it sets forth in its bid documents and the requirements set forth in any aspect of the Public Bid Law.” Id., 11-0459, p. 10, 76 So.3d at 554. This Court held that Hamp’s did not distinguish between types of error. Rather, it stated, “a public entity may not waive (1) any requirements of Public Bid Law, (2) any requirements stated in the advertisement for bid, or (3) any requirements stated on the bid form.” Id.
More recently, this Court again followed Hamp’s, supra. In Command Const. Industries, L.L.C. v. City of New Orleans, 13-0524 (La.App. 4 Cir. 10/23/13), 126 So.3d 716, 2013 WL 5757865, the form to be used by the bidders, a Louisiana Uniform Public Work Bid Form, sought a “TOTAL BASE BID” sum, which specifically stated that it was for “all work required by the Bidding Documents (including any and all unit prices designated as ‘Base Bid’ but not alternates).” Immediately after the total base bid, each bidder was to supply three alternates, each in a lump sum; one for “[c]ross walk,” another for “planting in median area,” and a third for “PVC sleeves and pull boxes.”
The total base bid of one of the bidders was mistakenly comprised of the base bid (an addition of all the unit prices) plus all three alternates. That is, the bidder erroneously added the three alternates to the base bid unit prices to arrive at its initial bid. Realizing its error after the bid had been submitted, the bidder sent a letter dated seeking to amend its bid because of a “clerical error,” and substituting a revised base bid. It was awarded the bid by the City. Another bidder filed suit, and on appeal, this Court considered whether the revised bid submission complied with the provisions of the Public Bid Law.
Again relying on Hamp’s, supra, this Court quoted the Supreme Court’s reasoning:
There is nothing ambiguous about La. R.S. 38:2212(A)(b); the requirements of the Public Bid Law, the advertisement for bids and the bid form shall not be waived by any public entity. The legislature changed the wording of this statute several times in an attempt to change the law, and to make clear that the requirements of the advertisement for bids and the bid form, as well as the Public Bid Law, shall not be waived. The most recent amendment to the statute serves to emphasize that these requirements cannot be waived under any *926 circumstances, regardless of whether they could be considered as informalities. Accordingly, the public entity should not include any requirements in its advertisement for bids or bid form that it considers insignificant or waiva-ble, because once included, these requirements are non-waivable as a matter of law.
Command Constr., 13-0524, p. 7, 126 So.3d at 720, 2013 WL 5757865, at *4, citing Hamp’s, 05-0489, p. 9, 924 So.2d at 110. The Supreme Court further held that no public entity 14has the discretion “to determine, after bids have been submitted, whether a requirement is substantive or non-substantive, waivable or non-waiva-ble.” Command Constr., 13-0524, p. 8, 126 So.3d at 720, 2013 WL 5757865, at *4, citing Hamp’s, 05-0489, p. 10-11, 924 So.2d at 111.
Accordingly, I would find that the City was correct in finding Hamp’s/AEC to be a non-responsive bidder, and would reverse the ruling of the trial court.

. Disadvantage Business Enterprise